## METROPOLITAN LIFE INS. CO.
### v.
### EVERETT et al.

United States District Court,
S. D. New York.
Jan. 26, 1954.

Tanner, Sillcocks & Friend, New York City, for plaintiff.

Davies Hardy & Schenck, New York City, for defendant Anna M. Everett.

Peter W. Quinn, New York City, for defendant Alma L. Everett.

BONDY, District Judge.

In this interpleader action brought by the Metropolitan Life Insurance Co. against the defendants Alma Everett and Anna Everett to determine which of the two defendants is entitled to the proceeds of a policy of group life insurance issued by the plaintiff on the life

of the deceased, Samuel W. Everett, Alma Everett has moved for summary judgment and to strike out the answer of the defendant Anna M. Everett.

Rule 12(f), 28 U.S.C.A., provides: "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The motion papers do not specify the grounds upon which the motion to strike is made. However, in an affidavit submitted by Alma Everett with the motion paper, it is stated that the responses of the defendant Anna Everett to the notice of admissions of fact and genuineness of documents "are evasive and tantamount to sham".

If Anna Everett has not admitted or denied explicitly all requests for admission under Rule 36, the unanswered matter is deemed admitted and if the answers are sham and Alma Everett later proves the genuineness of the documents, under Rule 37(c) she may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making such proof including reasonable attorney's fees.

■■ If the motion to strike Anna's answer is based on the contention that parts of the answer are sham and therefore must be stricken, she must specify with particularity the paragraphs of the answer she desires stricken. See Rule 7(b) (1). Motions to strike are not favored. 4 Moore's Federal Practice p. 2317, footnote 26 and cases there cited. The motion to strike accordingly is denied.

■ The motion for summary judgment may not be granted in this circuit if the slightest issue of fact is presented. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464 and Colby v. Klune, 2 Cir., 1949, 178 F.2d 872.

Respondent Anna Everett claims an interest in the proceeds of the policy on several grounds all of which are based on her contentions about an alleged agreement made by the deceased with her about the then existing policy. She claims that the group life insurance certificate was given to her by the deceased, then her husband in return for past services and loans of money. She also asserts a claim against the fund on the basis of the unpaid alimony owed by the deceased to her and for the unpaid principal of a loan allegedly made by her to the deceased. Alma Everett in an affidavit denies that any real issues of fact exist because under the terms of the original policy the deceased reserved the right to change the beneficiary and because in a rewritten policy it is stated that "such prior certificates are void" she alone is entitled to the fund. Whether the certificate was given to Anna by the decedent as a gift or pursuant to an agreement is immaterial. In either case Anna Everett may be able to establish a vested interest in the proceeds of the policy. Depending on the terms and place of making of the alleged "agreement" Anna may be able to prove at the trial that she is entitled to all or part of the money. Cf. Thomson v. Thomson, 8 Cir., 156 F.2d 581, certiorari denied 329 U.S. 793, 67 S.Ct. 370, 91 L.Ed. 679, rehearing denied 329 U.S. 833, 67 S.Ct. 501, 91 L.Ed. 706.

Similarly the question of the existence of the alleged loan from Anna to the deceased will depend on the credibility of the respondent.

Whether or not Anna may share in the policy proceeds because of the alleged amount of back alimony now due, depends upon whether the law of Missouri or New York applies.

■ The motion for summary judgment accordingly is denied.